UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

STEVEN SCOTT SAMUELSON,

   Plaintiff,

v.

THE STATE OF MINNESOTA, THE COUNTY OF ITASCA, State of Minnesota, THE COUNTY OF ST. LOUIS, State of Minnesota, Judge JON MATURI, JACK MUHAR, County Attorney, County of Itasca, TODD S. WEBB, Asst. Co. Attorney, County of Itasca, PAT MEDURE, former Sheriff of the County of Itasca, TOM ROY, Minnesota Commissioner of Corrections, ADVOCATES FOR FAMILY PEACE, a Minnesota Non-Profit Corporation, MELISSA SCAIA, THE UNITED STATES OF AMERICA, THE U.S. DEPT. OF VETERANS AFFAIRS, ERIK K. SHINSEKI, U.S. Secretary of Veterans Affairs, and OTHER UNNAMED DEFENDANT,

   Defendants.

Civil No. 12-3019 (PAM/LIB)

**REPORT AND RECOMMENDATION**

---

  Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a self-styled complaint seeking redress for his allegedly wrongful conviction in a Minnesota state criminal case. (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff is attempting to sue the State of Minnesota, two Minnesota counties, (Itasca and St. Louis), a Minnesota state court judge, two Minnesota county prosecutors, a county sheriff, the Minnesota Commissioner of Corrections, a non-profit organization and its executive director, the United States, the Department of Veterans Affairs, ("VA"), the Secretary of the VA Department, and an "Unknown Defendant" who apparently is a state probation officer. All of Plaintiff's claims against all of the named Defendants stem from his 2010 criminal conviction in a Minnesota state court case.

The Minnesota Court of Appeals has explained the circumstances that led to Plaintiff's 2010 criminal conviction as follows:

> "On November 30, 2009, appellant Steven Samuelson was charged with two counts of felony domestic assault in Itasca County for assaulting his live-in girlfriend, J.L.B. During Samuelson's first court appearance, the district court issued a DANCO [Domestic Abuse No Contact Order] that prohibited Samuelson from having any contact with J.L.B. At the hearing, the district court explained to Samuelson: 'No contact means no contact in person, in writing, by telephone, through other people, or electronic contact. If she tries to contact you, you do not respond in any way. So, do you understand no contact with that person?' Samuelson responded, 'Yes, I do.' Samuelson also signed the DANCO, which states that he is 'to have no contact directly, indirectly or through others, in person, by telephone, in writing, electronically or by any other means with' J.L.B., and the order specifies her address.
>
> Approximately a month-and-a-half later, the state charged Samuelson with 33 felony counts – eight attempted and 25 completed violations of the DANCO. The state discovered that J.L.B. posed as Samuelson's daughter and visited him while he was detained in the Itasca County jail, further investigation revealed that Samuelson repeatedly engaged in recorded telephone conversations with J.L.B. from the jail, and phone records showed numerous telephone contacts between Samuelson and J.L.B. during December 2009. J.L.B. conceded that some of the conversations had occurred. A search of Samuelson's jail cell produced thirteen notes written by Samuelson and addressed to J.L.B., reflecting contemporaneous contacts between them.

> Following a jury trial, Samuelson was convicted of all counts. The district court imposed and executed the sentence of 60 months and five days, and denied Samuelson's posttrial motions."

State v. Samuelson, No. A11-326 (Minn.App. 2012), 2012 WL 2873838 (unpublished opinion), *1 -2, rev. denied, November 20, 2012.[1]

In Plaintiff's present civil lawsuit, he claims that the statute he was found guilty of violating, Minn.Stat. § 518B.01, subd. 22,[2] is unconstitutional under the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. (Complaint, p. 2, ¶ 1.) Plaintiff is seeking redress for injuries that he allegedly suffered as a result of his conviction under the allegedly unconstitutional statute. (Id., pp. 2-3, ¶s 2-6.)

Plaintiff is not only challenging the constitutionality of the statute under which he was convicted, but he is also claiming that several of the Defendants violated his constitutional rights by their alleged acts (or omissions) during the course of his criminal prosecution. He claims that domestic abuse advocates, (Defendants Advocates for Family Peace and Melissa Scaia), a county sheriff, (Defendant Pat Medure), county prosecutors, (Defendants Jack Muhar and Todd S. Webb), and a state court judge, (Defendant Jon Maturi), all endeavored to secure his conviction, and deprive him of a fair trial, in violation of his constitutional rights. (See id., p. 14, ¶s 56-58; pp. 24-25, ¶s 97-98.)

---

[1] Defendant's conviction and sentence were affirmed on direct appeal in the decision cited in the text.

[2] An attachment to the complaint marked "Exhibit A" purports to be an accurate restatement of Minn.Stat. § 518B.01, subd. 22, as it existed in November 2009, (which was about the time when Plaintiff allegedly was accused of violating the statute). It appears that this statute has since been repealed.

Plaintiff further alleges that as a result of his allegedly unconstitutional conviction and sentence, he was wrongly sent to prison, and during the course of his allegedly unlawful incarceration, he suffered an injury to his hand. Based on these allegations, Plaintiff is attempting to sue the Minnesota Commissioner of Corrections, Defendant Tom Roy, for allowing him to be unlawfully incarcerated and (concomitantly) injured. (See id., pp. 15-16, ¶s 65-66; p. 21, ¶ 87.)

Finally, Plaintiff claims that three of the named Defendants – the United States, the U.S. VA Department, and Eric Shinseki, (who allegedly is the Secretary of the VA) – have deprived him of certain veterans benefits based on his allegedly unlawful conviction. (See id., pp. 27-29, ¶s 108-117.)

Plaintiff is seeking a judgment in this case that would release him from prison, and restore his freedom. (Id., p. 31, ¶ (e).) He also is seeking a declaratory judgment holding that the statute under which he is was convicted is unconstitutional. (Id., p. 30, ¶(a).) In addition, Plaintiff is asking the Court to award him damages to compensate him for all of the various injuries and losses that he allegedly has sustained as a result of his allegedly unconstitutional conviction and sentence. (Id., pp. 30-31, ¶s (b)-(d), (g)-(j).)

The common thread that binds together all of Plaintiff's claims against all of the various named Defendants is his allegedly unconstitutional state court conviction and sentence. All of Plaintiff's claims against all of the named Defendants are predicated on the fundamental allegation that his state court criminal conviction is unconstitutional.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government entities and government employees, his pleading is subject to preliminary "screening" pursuant to 28

U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff fails to state a cause of action on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's current pleading is clearly barred by the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Supreme Court held that a person convicted of a state criminal offense cannot challenge the legality of his conviction or sentence in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that his conviction or sentence should be set aside. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490.

Here, it is readily apparent that Plaintiff is challenging the validity of his state criminal conviction, and the sentence he is presently serving. He is asking for a judgment that would declare the statute under which he was convicted to be unconstitutional. If such relief were to be granted, his conviction would be rendered invalid. In addition, Plaintiff is specifically asking to be released from prison. However, such relief is simply not available in a non-habeas civil action. Preiser, supra.

It is abundantly clear that if Plaintiff were to be successful on any of the claims that he is attempting to bring in this case, his state court criminal conviction would have to be set aside. Therefore, Plaintiff's current lawsuit is barred by Preiser and Heck. Those two

5

cases clearly hold that the legality of a state criminal conviction and sentence cannot properly be reviewed in a federal civil rights action such as this one. Again, <u>habeas corpus is the only federal remedy available for a state prisoner seeking to overturn his conviction or sentence</u>.

Even if Plaintiff were seeking only money damages, this action still would have to be dismissed, because he cannot bring a civil rights action that would cast doubt on the validity of his state criminal conviction and sentence. In <u>Heck</u>, the Supreme Court explained that –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>."

<u>Heck</u>, 512 U.S. at 486-87 (footnote omitted; emphasis added). <u>See also Sheldon v. Hundley</u>, 83 F.3d 231, 233 ("<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). Any judgment in Plaintiff's favor on claims for damages in his current complaint would necessarily incident thereto have to invalidate his state criminal conviction and the sentence he is now serving. Therefore, Plaintiff's present civil rights

action is barred, in its entirety, by Heck.[3]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). However, a case dismissed pursuant to Heck normally must be dismissed without prejudice, so that the plaintiff can renew his civil rights claims in the future, if the conviction implicating Heck is ever vacated by proper means, (i.e., by a state court judgment, or a federal writ of habeas corpus). See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (dismissal of Heck-barred claim should be without prejudice so plaintiff can refile if he satisfies Heck requirements). Applying this rule here, the Court will recommend that this action be dismissed without prejudice.

---

[3] The Court further notes that even if Plaintiff could somehow avoid Preiser and Heck, most of his claims would have to be dismissed on various immunity grounds. The State of Minnesota and its agencies are generally immune from suit in federal court under the Eleventh Amendment. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam) ("the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies"). All of the various Defendants who are judges or prosecutors are also immune from Plaintiff's claims, under the doctrines of judicial immunity and prosecutorial immunity. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judges are immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions); Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties). The United States and its agencies, (including the VA), are generally immune from suit under the doctrine of sovereign immunity. See Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991) ("[i]t is undisputed that the United States, as a sovereign, cannot be sued without its consent"). Thus, Plaintiff's claims against most of the Defendants would be summarily dismissed even if Heck and Preiser were somehow surmountable.

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).


Dated: December 18, 2012

                                              s/Leo I. Brisbois
                                              LEO I. BRISBOIS
                                              United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 1, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.